## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**L.M.,**                                    *

3418 13th Pl., S.E., #101                    *

Washington, D.C. 20032                       *

       Plaintiffs                *

                                         *

       v.                       *      **Civil Action No:**

                                         *

**GOV. OF DISTRICT OF COLUMBIA**   *

A municipal corporation,                     *

1350 Pennsylvania Ave., N.W.                 *

Washington, D.C. 20004                       *

                                         *

Serve on:                                    *

     Attorney General of D.C.        *

     One Judiciary Square            *

     441 4th Street, N.W., Suite 600 *

     Washington, D.C. 20001          *

                                         *

     and                             *

                                         *

     Mayor Vincent Gray              *

     Office of the Secretary         *

     1350 Pennsylvania Avenue, Ste. 419 *

     Washington, DC 20004            *

                                         *

**KAYA HENDERSON**                           *

The School Chancellor,                       *

District of Columbia Public Schools          *

1200 First St., NE                           *

Washington, D.C. 20002                 *

       Defendants(s)             *

************************************

## COMPLAINT

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the Individuals with Disabilities in Education Act, 20 U.S.C. §§1415 et seq., (herein IDEA); the Individuals with Disabilities Education Improvement Act of 2004, P.L. 108-446; the Rehabilitation Act of 1973 ("Section 504"); 29 U.S.C. §794; 42 U.S.C. §1983; 28 U.S.C. §§1331 and 1343. Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202. The Court has pendent jurisdiction pursuant to 5 D.C.M.R. §§3000 et seq.

## PARTIES

2.      L.M. is an eighteen-year old student with a disability in the District of Columbia, and is in the 9th grade. She brings this action on her own behalf and in her own right.

3.      The District of Columbia is a municipal corporation.  As one of its governmental functions, Defendant operates the District of Columbia Public School System (DCPS).  DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEIA and section 504.

4.      Kaya Henderson is the Chancellor of the District of Columbia Public Schools and is responsible for ensuring that all children in the District of Columbia receive a free, appropriate public education (FAPE) and that their rights to equal protection of the law and due process of law are respected.

## FACTS

5.      L.M. is an 18-year old student who has attended DCPS during her entire educational career and functions extremely below level.

6.      L.M. attends Anacostia SHS and has repeated the 9th grade three times.

7.      Her 1/15/13 IEP provides her with only 13.5 hours of special education services in general education setting and 6.5 hours of special education services outside of special education services and because according to her records she has not made progress over the last two years.

8.      According to her 11/05/12 psychological evaluation, she is functioning over seven years below her age and grade level.

9.      During the 1/15/13 IEP meeting the parent requested a full time IEP to address Leslie's below level academic and emotional functioning but DCPS failed to do so.

10.     According to her 11/05/12 psychological she should be in a full time separate therapeutic day program with a small student to teacher ratio due to her current and previous severe academic and emotional difficulties and because she has not made progress for the past two years.

11.     The psychological diagnosed her with Oppositional Defiant Disorder, math disorder and disorder of written language and recommended a multiple disability of LD/ED with services to address her ADHD.

12.     On 3/17/13 the student and the parent filed a due process complaint notice for failure to provide her with an appropriate school placement, appropriate services, appropriate IEP, vocational assessment and services.

13.     On 5/13/2013 a hearing was held to address that complaint and on 05/20/13 an HOD was issued that ordered DCPS to provide the student with an IEP and placement that reflects the recommendations from the 11/12/12 psychological in that "the IEP team shall fully consider the November 5, 2012 comprehensive psychological findings and recommendations of Supervising Psychologist, and shall offer Student a placement for the [2013-2014] school year, in a public or private school setting, that reasonably comports with Supervising Psychologist's recommendations for small class size, low student to teacher ratio, and individualized teaching support by staff trained to work with Students who have attentional and social/emotional behavior disorders. The IEP team shall also develop a Behavior Intervention Plan based upon the FBA conducted pursuant to this order."

14.   The 05/20/13 HOD also ordered that the DCPS provide tutoring services during the summer in form of tutoring services.

15.   On 08/12/13, the student through her counsel filed another complaint because DCPS did not comply with the order, did not provide her with an appropriate placement, IEP, special education services and did not complete the Functional Behavior Assessment and did not complete the behavior plan.

16.   On 10/04/13, the due process hearing was held and as a result an order was issued on 10/11/13 which again ordered the  same thing that the previous order ordered.

17.    Between the time the 5/20/13 HOD was issued and the filing of the 08/12/13 due process complaint, the DCPS made several attempts to undermine the student's right to the DCPS's responsibility to comply with the order by trying to have her sign over her right to what was ordered and attempted to circumvent the student's attorney client relationship by going over the student's attorney despite communications from attorney that the student will not sign over her rights.

18.    Although DCPS presented no supporting evidence, that they have provided the student with appropriate services or placement, both hearing officers refused to order the student placed in the appropriate placement that the psychological recommended.

19.    DCPS has been given several years to provide her with the appropriate placement, services, IEP, and educational services by the student's past three years in the 9th grade at the same school and by the orders by both hearing officers.

## <u>COUNT I</u>

20.    Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

21.    Defendants violated IDEIA and denied Plaintiff a FAPE when they failed to comply with the 05/20/13 HOD.

## COUNT II

22.     Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

23.     Defendants violated IDEIA by not providing the student with an appropriate placement.

## COUNT III

24.     Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

25.     Defendants violated IDEIA by failing to provide the student with an appropriate IEP

## COUNT IV

26.     Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

27.     Defendants violated IDEIA by not providing R.J. with special education and related

        services.

## COUNT V

28.     Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

29.     The hearing officer erred in her analysis of the case because she did not take into

        consideration the fact that the DCPS had a time limit to comply with the order but did not

        do so within that time frame.

## COUNT VII

30.     Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

31.     The hearing officer erred because she did not take into consideration that the DCPS has

        acted without regard for the student and their failures have been severely detrimental to the

        student's educational, social and emotional progress.

## COUNT VIII

32.     Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

33.     The hearing officer erred in her decision to not order the placement and to dismiss some

        issues in the 08/12/13 due process complaint against DCPS without proof of provision of a

        FAPE to the student.

### PRAYER FOR RELIEF

**WHEREFORE**, the plaintiffs pray this Court to grant them the following relief:

1.      Issue judgment for plaintiffs and against defendants on all aforementioned counts;

2.      Issue appropriate injunctive relief requiring defendants DCPS to complete an appropriate IEP for the student;

3.      Issue an order that the defendants place the student at an appropriate separate therapeutic day program as recommended in the 11/5/2013 psychological.

4.      Issue an order awarding compensatory education to the plaintiff against DCPS;

4.      Order that the October 11, 2013 Hearing Officer's Determination be reversed, finding denial of a free, appropriate, public education by DCPS;

5.      Award plaintiffs attorneys' fees and the costs for this action and for those relating to the due process hearing; and

6.      Award any other and further relief the Court deems just and proper.

Respectfully submitted,
THE LAW OFFICE OF FATMATA BARRIE


By:_____
Fatmata Barrie, Bar #485122
Law Office of Fatmata Barrie
10125 Colesville Rd., #245
Silver Spring, MD  20901
Phone: (301) 300-9781
Fax: (301) 622-3463
Email: fbarrielaw@gmail.com